1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JS-6**

```
cc: order, docket, remand order to
Los Angeles Superior Court, Southeast
District, Whittier, No. 11 C 04364
```

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CACH, LLC,<br><br>                    Plaintiff,<br>         v.<br><br>REYES S. SALCEDO, an individual; and<br>DOES 1–10, inclusive,<br><br>                    Defendants. | Case No. 2:12-cv-04595-ODW(VBKx)<br><br>**REMAND ORDER** |

        The Court has received Defendant Reyes R. Salcedo's Notice of Removal. Having determined that it lacks subject-matter jurisdiction over this case, the Court hereby **REMANDS** this action to Los Angeles County Superior Court.

        Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c).

        The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded

complant.  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  A case may not be removed to federal court on the basis of a federal defense.  *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).

Salcedo's bases his Notice of Removal in part "on claims 'arising under' federal law."  (Notice 1.)  Yet, Plaintiff Cach, LLC's Complaint asserts only claims for breach of contract and common counts—neither of which arise under federal law. Contrary to Plaintiff's bald contention, Cach's Complaint simply does not raise a federal question, and thus the Court does not have federal-question jurisdiction over this action under 28 U.S.C. § 1331.

Salcedo also maintains that this Court has diversity jurisdiction over this matter, based in part on his belief "that the Amount in controversy exceeds $75,00.00 (*sic*) [seventy-five thousand dollars]" (brackets in original).  (Notice 2.)  But the Complaint only demands $3,362.48 in damages, which falls well below the requisite amount in controversy to establish diversity jurisdiction in this Court under 28 U.S.C. § 1332. Because Salcedo has not shown to a legal certainty that the amount in controversy in this action will exceed $75,000.00, exclusive of interest and costs, the Court determines that it lacks diversity jurisdiction over this action.  *See Lowdermilk v. U.S. Nat'l Assoc.*, 479 F.3d 994, 999-1000 (9th Cir. 2007).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

For the above reasons, the Court **REMANDS** the case to Los Angeles County Superior Court for lack of subject matter jurisdiction.  The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

August 13, 2012

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**